# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

PATRICK PEARSON                                                    PLAINTIFF

v.                                No: 4:17-cv-00693 DPM-PSH

DOC HOLLADAY                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Patrick Pearson, who is currently held at the Arkansas Department of Correction (ADC), Ouachita River Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 23, 2017, while incarcerated at the Pulaski County Detention Facility (Doc. No. 2). Pearson sues Jail Administrator Doc Holladay and claims there is a lack of security at the jail in that one guard attends to 150 inmates in two separate living quarters at times. Pearson also complains that he did not receive a tuberculosis (TB) shot for two weeks. Because Pearson's original complaint did not allege enough facts to determine if he had stated a claim for relief, the Court ordered Pearson to

file an amended complaint setting forth facts describing how and when the named defendant allegedly violated Pearson's constitutional rights and how Pearson was injured by the defendant's actions. *See* Doc. No. 4. Pearson subsequently filed an amended complaint. *See* Doc. No. 5.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). Although a *pro se* complaint is construed liberally, it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

Having liberally construed both Pearson's original complaint and his amended complaint, the Court finds Pearson fails to allege sufficient facts to state a claim upon which relief may be granted, as explained below, and recommends that Pearson's complaint be dismissed without prejudice.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Pearson claims that he

should have been tested for TB within 72 hours, but was instead tested 14 days after his incarceration at the Pulaski County Detention Facility. Pearson also alleges that the jail was not appropriately staffed to ensure the prisoners' safety. The Court construes Pearson's complaints as describing an Eighth Amendment claim based on unsafe prison conditions.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement as well as adequate food, clothing, shelter, and medical care, and they "must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To state an Eighth Amendment claim based on lack of safety, Pearson must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Id.* He must also show that defendant "both knew of and disregarded an excessive risk to [his] health and safety." *Holden v. Hirner,* 663 F.3d 326, 341 (8th Cir.2011). Such conduct is, "akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Pearson provides no facts to support his allegations that he was subjected to a substantial risk of harm from a TB infection or a lack of security. To support his complaint, Pearson attaches a statement by another prisoner that generally describes other inmates who needed medical help or banged on their doors but provides no details specifically describing an unsafe environment. *See* Doc. No. 5 at 3. Furthermore, Pearson alleges no injury as a result of his possible exposure to TB or the alleged lack of security. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive

compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

Finally, Pearson's complaints regarding the Defendant's failure to follow jail policy is insufficient to state a constitutional claim. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (holding that "there is no § 1983 liability for violating prison policy."); *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1992) ("[T]he mere violation of a state law or rule does not constitute a federal due process violation.").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pearson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

DATED this 2nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE